

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-161** |
| | § | |
| **EDDIE RAY BRYANT** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge

for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of

Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea

proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-*

*Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On December 27, 2007, this cause came before the undersigned United States Magistrate

Judge for entry of a guilty plea by the Defendant, Eddie Ray Bryant, on **Count I and Count II**

of the charging **Information**[1] filed in this cause.  Count I of the Information charges that on or

---

[1]Defendant executed a Waiver of Indictment which was addressed and filed
in the record at the guilty plea hearing.

about the 30th day of August, 2007, Eddie Ray Bryant, Defendant herein, did knowingly possess a firearm, namely, a Beretta, Model 92F, 9mm caliber pistol bearing serial number D55448Z, in furtherance of a drug trafficking crime, for which said Defendant may be prosecuted ain a court of the United States, namely possession of a mixture or substance containing a detectable amount of cocaine base, that is, "crack:" cocaine, with the intent to distribute in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 18, United States Code, Section 924(c)(1).

Count II of the Information charges that on or about the 30th day of August, 2007, in the Eastern District of Texas, Eddie Ray Bryant, Defendant herein, did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of cocaine base, that is, "crack" cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

Defendant, Eddie Ray Bryant, entered a plea of guilty to Count I and Count II of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant and the Government have entered into a plea agreement which

was disclosed and addressed in open court, entered into the record, and placed under seal.

c.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation.*  If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty.  The Government and Defendant agreed that Eddie Ray Bryant is one and the same person charged in the Information and that the events described in the Information occurred in the Eastern District of Texas and elsewhere.  The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven the following stipulated

facts:

The evidence would show that on the 30th day of August, 2007, in the Eastern District of Texas, Special Agent Jason Bean, acting in an undercover capacity, telephoned the Defendant. The Defendant indicated that he was interested in purchasing firearms from the undercover Agent, and that he, the Defendant, had "crack" cocaine to trade for the firearms.

As they had agreed in the phone call, the Defendant and the Agent met that same day in the parking lot of a Market Basket in Beaumont, Texas, which is located in the Eastern District of Texas.  The Defendant showed the Agent a quantity of "crack" cocaine, that is, cocaine base, which the Defendant had brought to trade for the firearms.  Testimony would show that the Defendant then examined the two firearms brought by the Agent to trade for the crack cocaine, and the Agent then explained that one of the two firearms was a fully automatic machine gun which would fire more than one shot per each pull of the trigger, and that the Defendant could get into trouble for possessing it.   The Government would establish that the two firearms brought by the Agent and examined by Defendant were: (1) a Beretta, Model 92F, 9mm caliber pistol, serial number D55448Z, and (2) a SWD Inc., Model M-11, 9mm caliber machine gun.

The Defendant then gave the Agent crack cocaine and $60.00 in exchange for the two firearms, and began walking away from the Agent with the two firearms contained in a gym bag. The Defendant was then confronted by other officers, and the Defendant threw another bag containing more crack cocaine under a car.

The Government would show that the crack cocaine was tested by the Jefferson County Crime Laboratory and determined to be 3.83 grams of cocaine base, that is, "crack" cocaine.

Finally, an Agent with the Drug Enforcement Administration would also testify that the amount of drugs thrown under the car by Defendant a the time of his arrest was consistent with possession with the intent to distribute and inconsistent with possession for personal use.

Defendant, Eddie Ray Bryant, agreed with the above-stated facts and signed the *Factual Basis.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  In addition to the evidence stated in the *Factual Basis*, Mr. Bryant also admitted on the record at the guilty plea hearing that (1) he obtained the firearms from the Agent in order to protect the additional crack he had not given the Agent, and that (2) he did intend to distribute the crack cocaine that he had thrown under the car.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count I and Count II** of the charging **Information** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea  agreement.[2]  Accordingly, it is further recommended that, Defendant, Eddie Ray

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent

Bryant, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

### OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written

---

the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of

law and recommendations contained within this report within ten (10) days after service shall bar

an aggrieved party from *de novo* review by the District Judge of the proposed findings,

conclusions and  recommendations, and from  appellate review of factual findings and legal

conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United*

*Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).   The

constitutional safeguards afforded by Congress and the courts require that, when a party takes

advantage of his right to object to a magistrate's findings or recommendation,  a district judge

must exercise its nondelegable authority by considering the actual evidence and not merely by

reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir.

1981) (per curiam).


**SIGNED this the 2nd day of January, 2008.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE